Salvo v Greater N.Y. Mut. Ins. Co. (2023 NY Slip Op 00967)

Salvo v Greater N.Y. Mut. Ins. Co.

2023 NY Slip Op 00967

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Gesmer, Singh, Moulton, Scarpulla, JJ. 

Index No. 657025/20 Appeal No. 17370-17371 Case No. 2021-03996, 2021-04713 

[*1]Silvina Salvo, Plaintiff-Respondent,
v
Greater New York Mutual Insurance Company, Defendant-Appellant.

Milber Makris Plousadis & Seiden, LLP, Purchase (Jason A. Pozner of counsel), for appellant.
Law Offices of Eric Dinnocenzo, New York (Eric Dinnocenzo of counsel), for respondent.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered September 23, 2021, which granted plaintiff's motion for summary judgment declaring that defendant is obligated to defend and indemnify plaintiff in the underlying defamation action, and denied defendant's cross motion for summary judgment for a contrary declaration, unanimously affirmed, without costs. Order, same court and Justice, entered November 19, 2021, which, to the extent appealed from, denied defendant's motion to renew its cross motion for summary judgment, unanimously affirmed, without costs.
Plaintiff is entitled to a defense and indemnification from defendant, notwithstanding plaintiff's untimely notice of the underlying defamation claim brought against her by another member of her condominium's Board of Managers. Initially, contrary to the court's determination, plaintiff's lack of knowledge that coverage was available to her under the commercial general liability policy issued by defendant to the Board did not excuse her four-year delay in notifying defendant of the claim. Plaintiff cannot claim that her lack of knowledge was justifiable absent a showing that she made reasonably diligent efforts to ascertain the existence of alternative or additional coverage, particularly where the insurer that previously assumed her defense, Wesco Insurance Company, had notified her in October 2016 that it was disclaiming coverage but was proceeding with her defense under a reservation of rights (see Winstead v Uniondale Union Free School Dist., 201 AD2d 721, 723 [2d Dept 1994]).
Nevertheless, the untimely notice does not invalidate coverage because there is no showing in the record that the delay prejudiced defendant (see Insurance Law § 3420[a][5]; [c][2][C]; Slocum v Progressive Northwestern Ins. Co., 137 AD3d 1634, 1635 [4th Dept 2016]). Regardless of whether the insurance policy shifted the burden of proof with respect to the showing of prejudice (see Insurance Law 3420[c][2][A]), the record does not support a finding that the delayed notice caused defendant to suffer "actual prejudice" resulting from a "material deprivation of [its] right to control the defense of the [underlying] claim" (Conergics Corp. v Dearborn Mid-W. Conveyor Co., 144 AD3d 516, 527 [1st Dept 2016]). Although the late notice deprived defendant of the ability to participate in the initial investigation and litigation of the claim, defendant has not explained how Wesco's defense of the matter materially prejudiced it. Moreover, the delay did not affect defendant's access to relevant evidence since discovery was still open at the time defendant received notice of the claim.
Defendant's motion to renew its cross motion for summary judgment was correctly denied. The October 2021 order issued in Wesco Ins. Co. v Salvo (Sup Ct, NY County, Oct. 8, 2021, index No. 652442/2020) does not foreclose plaintiff from arguing lack of prejudice to defendant under the doctrine of judicial estoppel because the Wesco order neither [*2]addressed nor adopted plaintiff's arguments that she was prejudiced by Wesco's defense (see Kalikow 78/79 Co. v State of New York, 174 AD2d 7, 11 [1st Dept 1992], appeal dismissed 79 NY2d 1040 [1992]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023